UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CONSUMER FINANCIAL PROTECTION
BUREAU                                                                                          PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:13-CV-01047-CRS-DW

BORDERS & BORDERS, PLC, HARRY
BORDERS, JOHN BORDERS, JR., & J.
DAVID BORDERS                                                                          DEFENDANTS

Memorandum Opinion

I.  Introduction

This case involves allegations that Defendants Borders & Borders, PLC, Harry Borders, John Borders, Jr., and J. David Borders (collectively, "Borders & Borders") violated section 1054 of the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5564, and its implementing regulation, Regulation X, 12 C.F.R. part 1023, by arranging for the giving of kickbacks in exchange for referrals of customers for real estate settlement services involving federally-regulated mortgage loans. Compl. ¶¶ 1–2, ECF No. 1. Plaintiff the Consumer Financial Protection Bureau ("the Bureau") has moved for summary judgment against all claims under Federal Rule of Civil Procedure 56(a). Mot. Summ. J., ECF No. 129. The Bureau now seeks leave from the Court to file under seal Exhibit FF, which will accompany its motion for summary judgment, under Local Rule 5.7. Mot. Seal 1, ECF No. 126. Exhibit FF "includes approximately 1,550 residential mortgage closing files that contain consumers' personally identifiable information." *Id*. Borders & Borders did not respond. For the following reasons, the Court will grant the Bureau's motion to seal Exhibit FF.

II.     Standard of Review

Before granting a motion to seal, a district court "must set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co. v. John Deere*, 834 F.3d 589, 594 (6th Cir. 2016) (internal quotation marks omitted). The interests in support of nondisclosure must be "compelling;" the interests in support of access must be "less so;" and the seal itself must be "no broader than necessary." *Id*.

III.    Discussion

The Bureau argues that the Court should grant leave to file Exhibit FF under seal because the files were apparently produced "with the understanding that they would fall under the Stipulated Confidentiality Agreement and Protective Order that was entered by Judge Whalin on June 25, 2015." Mot. Seal 2, ECF No. 126. The Bureau further maintains that "publicly filing Exhibit FF would seriously compromise the non-party consumers' privacy by exposing their personally identifying information." *Id*. at 3. At the same time, sealing the documents would not limit the public's access to the information litigated in this case. *Id*.

Local Rule 5.7 provides that a party may move to file a document under seal. Under Rule 5.7(c), a party seeking to file a sealed document must state in their motion to seal "why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure." Local Rule 5.7(c) also states, "Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof warrants filing under seal."

In *Rudd Equipment Co.*, the Court of Appeals upheld the district court's order to unseal an entire civil case. 834 F.3d at 596. In *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, the Court of Appeals vacated a district court's decision to seal nearly two hundred exhibits and an expert report in a class action. 825 F.3d 299, 311 (6th Cir. 2016). In *Klingenberg v. Federal*

*Home Loan Mortgage Corp.*, the Court of Appeals vacated the sealing of motions for summary judgment and attached exhibits. 658 F. App'x 202, 208 (6th Cir. 2016). The district court had made no findings in support of its decision to seal the parties' motions for summary judgment. *Id*. at 207. Instead, the parties filed the documents under a stipulated protective order and did not file motions to seal. *Id*. at 207–08. The appellate court determined that the record did not justify a seal. *Id*. at 208.

Taken together, these decisions highlight the strong presumption in favor of open public proceedings. As noted by the Court of Appeals in *Shane Group*, "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." 825 F.3d at 305 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "At the adjudication stage, however, very different considerations apply." *Id*. At the adjudication stage, the proponent of sealing bears a "heavy" burden; "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id*. (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The proponent of sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. at 305–06; *see also Klingenberg*, 658 F. App'x at 207 (explaining that, if parties submit documents under seal, they must also file a motion requesting a seal and offer compelling reasons justifying non-disclosure).

The Bureau has met its burden of showing that Exhibit FF should be filed under seal. The Court is unable to find any highly personal information in Exhibit FF, and most of the documents in Exhibit FF are available in the public record. Yet, the exhibit contains information from non-parties that likely would be considered sensitive, such as financial information, closing fee details, power of attorney forms, and marital status. The inclusion of this sensitive information

3

indicates a need to file the exhibit under seal.[1] Borders & Borders has not objected. Accordingly, the Court will grant the Bureau's motion for leave to file Exhibit FF under seal.

The Court, however, is concerned about the inclusion of residential mortgage closing files in Exhibit FF that do not serve as the basis for the Bureau's claims against Borders & Borders. According to the Ivey-Colson declaration, which was submitted with Exhibit FF, the Bureau was able to identify only 535 transactions that allegedly support the claims against Borders & Borders. Ivey-Colson Decl. ¶ 9, ECF No. 129-34. The Court will order the Bureau to limit Exhibit FF to include only the residential mortgage closing files from the 535 transactions that apparently support its claims against Borders & Borders.

IV. Conclusion

The Court will grant the Bureau's motion for leave to file under seal Exhibit FF. The Court will order the Bureau to amend Exhibit FF to include only the residential mortgage closing files from the 535 transactions that allegedly support its claims against Borders & Borders. An order will be entered in accordance with this memorandum opinion.

June 9, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

[1] The Court reviewed a sample of the thousands of documents provided by the Bureau that comprise Exhibit FF. These documents appear to be formulaic, and each document seems to include the same types of personal, identifying information from non-parties.