IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau, | |
| Plaintiff, | |
| v. | No. 3:13CV-1047-CRS |
| Borders & Borders, PLC; Harry Borders; John Borders, Jr.; and J. David Borders, | |
| Defendants. | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS

Plaintiff Consumer Financial Protection Bureau ("Bureau") submits this Opposition to the Bill of Costs, ECF No. 160, filed by Borders & Borders, PLC ("Borders"), Harry Borders, John Borders, Jr., and J. David Borders (collectively, "Defendants"). For the reasons set forth below, the Court should deny the Defendants' request for costs in its entirety, or, in the alternative, deny the Defendants' request for costs incurred for document management and data hosting.

### I.   BACKGROUND

The Bureau filed its Complaint in this matter in 2013, arguing that the Defendants violated section 8 of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(a). Specifically, the Bureau alleged that the individual defendants created and controlled nine joint venture title companies ("Title LLCs") with 38 joint venture partners ("JVPs"), through which the Defendants paid kickbacks to the JVPs in exchange for referrals of closing and title insurance services that the JVPs made to Borders. *See* ECF No. 1 ¶¶ 9–19.

Although the Defendants argued in a motion for judgment on the pleadings that the Bureau's Complaint should be dismissed in light of the Sixth Circuit's decision in *Carter v. Welles-Bowen Realty, Inc.*, 736 F.3d 722 (6th Cir. 2013), ECF No. 20, the Court (Heyburn, J.), denied the

Defendants' motion on the ground that the allegations in the Bureau's Complaint were distinguishable from *Carter*, ECF No. 59.

After the close of discovery and upon the parties' cross-motions for summary judgment, the Court determined that the Bureau had established that the Defendants violated section 8(a) of RESPA by giving things of value to the JVPs in exchange for referrals of closing and title work from the JVPs to Borders. ECF No. 157 at 8–10. But the Court granted summary judgment in favor of the Defendants, reasoning that the Defendants satisfied the requirements of RESPA's safe harbor for affiliated business arrangements ("ABAs"), 12 U.S.C. § 2607(c)(4), because the Court found that the Defendants timely disclosed to consumers the assignment of title work to the Title LLCs. ECF No. 157 at 11–12.

On August 10, 2017, the Bureau moved for reconsideration of the Court's summary judgment order, arguing that the Court's analysis was a clear error of law because it was based on a mismatch between the arrangement that the Court found violated section 8(a) and the arrangement that it found met the elements of the ABA safe harbor. ECF No. 161. On the same day, the Defendants filed a Bill of Costs. ECF No. 160. On August 31, 2017, the Court granted the Bureau's motion to extend the time to file objections to the Bill of Costs to 14 days following the Court's order denying the Bureau's Motion for Reconsideration. ECF No. 163.

On March 22, 2018, the Court denied the Bureau's motion for reconsideration. ECF Nos. 167 & 168. Upon reconsideration, the Court denied the Bureau's claims on different grounds. The Court held that the Defendants did not violate section 8(a) of RESPA, but that, even if they had, they qualified for safe harbor under section 8(c)(2). ECF No. 167 at 4–9.

The Bureau now objects to the Defendants' Bill of Costs.

## II. ARGUMENT

### A. The Court should exercise its discretion to deny costs under the Equal Access to Justice Act.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." Fed. R. Civ. P. 54(d)(1). Under the Equal Access to Justice Act, "costs, as enumerated in section 1920 of [title 28], . . . *may be* awarded to the prevailing party in any civil action brought by or against the United States or any agency . . . of the United States . . . in any court having jurisdiction of such action." 28 U.S.C. § 2412(a) (emphasis added). Multiple Courts of Appeals have acknowledged that § 2412(a) "does not create a presumption in favor of an award of costs to the prevailing party," but rather provides district courts with "broad discretion to determine whether and how much to award a prevailing party" in costs. *Neal & Co. v. United States*, 121 F.3d 683, 687 (Fed. Cir. 1997); *see also United States v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012) (noting that § 2412(a)(1) "allows for a discretionary award of other costs"); *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 325–26 (3d Cir. 2010) (quoting 28 U.S.C. § 2412(a)(1)) ("The plain language of the statute provides that costs 'may be awarded.' Accordingly, it is appropriate for a district court to exercise discretion in awarding or denying costs depending on the particular circumstances."); *United States v. Alpha Med., Inc.*, 102 F. App'x 8, 10 (6th Cir. 2004) (affirming trial court's exercise of discretion to deny award of costs).

The Sixth Circuit has explained that it is proper for a district court to exercise its discretion to deny an award of costs, where, among other circumstances, "the case is close and difficult." *Goostree v. State of Tenn.*, 796 F.2d 854, 864 (6th Cir. 1986) (internal quotation marks and citation omitted). Importantly, "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Id.* (internal quotation

3

marks and citation omitted). A case may be characterized as difficult when it involves a large volume of evidence and requires testimony from a significant number of witnesses, or where the case is legally complex. *See McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 743–44 (6th Cir.)(affirming district court's denial of costs in case arising under 42 U.S.C. § 1983 where the jury was presented with testimony from 31 witnesses and nine expert witnesses and was required to understand complex medical testimony on the plaintiff's injuries to determine the issue of causation), *amended on other grounds on denial of reh'g*, 41 F. App'x 758 (6th Cir. 2002); *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 733 (6th Cir. 1986) (affirming denial of costs where matter involved "complex antitrust allegations").

This case was close and difficult. The Bureau's investigation and litigation concerning the Defendants' conduct culminated in the parties' summary judgment motions that generated over 200 pages of substantive briefing involving 53 exhibits—one of which was the collection of lengthy closing files for all 535 real estate transactions at issue in the Bureau's motion—and deposition testimony of 20 witnesses. Moreover, the case required that the Court interpret a claim under a complex federal statute. That this case was close and difficult is further demonstrated by the fact that the Court revised its RESPA analysis in its ruling on the Bureau's motion for reconsideration. Accordingly, the Bureau respectfully requests that the Court exercise its discretion and decline to award costs to the Defendants.

### B. The Court should not award costs to the Defendants for document management or data hosting.

If the Court declines to exercise its discretion to deny the Defendants' request for costs, the Court nevertheless should reduce the Defendants' award of costs by $1,607.30 because the Defendants' Bill of Costs incorporates fees for document management and data hosting which are not recoverable under 28 U.S.C. § 1920.

Section 2412(a) provides that only costs "as enumerated in section 1920" of title 28 may be awarded to a prevailing party. Section 1920, in turn, allows for recovery of only the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of . . . title [28];
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of . . . title [28].

28 U.S.C. § 1920. The Supreme Court has held that "federal courts are bound by the limitations set out in . . . § 1920," *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987), and therefore may only award costs to a prevailing party that fit within one of the categories specified in that section. *See Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 295 (6th Cir. 2015) (citing *Crawford*, 482 U.S. at 445) ("Section 1920 circumscribes the types of costs district courts may tax against the losing party.").

Here, the Defendants seek $226.40 in fees for service of subpoenas, $14,146.79 in fees for transcripts, and $4,334.95 in "exemplification and the costs of making copies." ECF No. 160. With respect to the third category, the Defendants' itemization of those costs includes $707.19 and $475.78 in fees from Elijah, Ltd. for "[d]ata processing and monthly hosting fees for Relativity database," and an additional $788.40 in fees from DTI for "[d]ocument management and scanning for electronic document production." ECF No. 160-1 at 2. The Defendants' invoices from Elijah, Ltd. include charges for $408.12 and $410.78 in hosting fees for a Relativity database, *id.* at 18–19, while the invoice from DTI, *id.* at 20, includes no itemization specifying how much of the $788.40 fee was incurred for "document management" as opposed to "scanning for electronic document production." The distinction between document management or hosting fees versus fees for scanning or copying is important because monthly hosting and document management fees are not

5

taxable under § 1920(4), as such costs do not constitute "exemplification," nor are they costs for "making copies."

The Third Circuit's decision in *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012) is instructive. The Third Circuit considered whether § 1920(4) authorizes the taxation of an electronic discovery consultant's charges "for data collection, preservation, searching, culling, conversion, and production as either the 'exemplification [or] the . . . making [of] copies of any materials where the copies are necessarily obtained for use in the case.'" *Id.* at 164–65 (quoting 28 U.S.C. § 1920(4)). Exemplification, the court explained, can refer either to "'an official transcript of a public record, authenticated as a true copy for use as evidence,'" *id.* at 166 (quoting *Kohus v. Cosco, Inc.*, 282 F.3d 1355, 1359 (Fed. Cir. 2002)), or "'the act of illustration by example,'" encompassing fees associated with the presentation of demonstrative aids, *id.* (quoting *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000)). The Third Circuit concluded that the charges at issue did not qualify as fees for "exemplification" under either definition. *Id.* Moreover, of the activities undertaken by the electronic discovery vendors, the Third Circuit found that only the "scanning and conversion of native files to the agreed-upon format for production of ESI constitute 'making copies of materials'" under § 1920(4). *Id.* at 167.

Likewise, in *Colosi*, the Sixth Circuit affirmed the taxation of costs to image the plaintiff's personal hard drive because the electronic discovery vendor "never went beyond the mere electronic copying" of the plaintiff's computer files, and the vendor's invoice "exclude[d] the cost of deduplication, indexing, and other non-copying electronic discovery services." 781 F.3d at 298 (internal quotation marks and citations omitted). Thus, *Race Tires* and *Colosi* both stand for the proposition that costs related to the copying and scanning of materials are taxable, while other costs

associated with discovery of electronically stored information are not.[1] As one district court in the Sixth Circuit has explained in applying *Colosi*, costs "related to making copies, such as scanning documents, tiffing, native production, and OCR" are recoverable, while "[p]reparatory and ancillary costs, such as processing, document review, and data analysis, are properly excluded." *Ma v. Am. Elec. Power, Inc.*, No. 1:13-CV-89, 2017 WL 6422566, at *2 (W.D. Mich. Oct. 23, 2017). Based on that distinction, multiple courts have found that costs for data hosting, document management, and database fees are not taxable under § 1920(4). *See, e.g.*, *Stryker Corp. v. Ridgeway*, No. 1:13-CV-1066, 2016 WL 6275329, at *6 (W.D. Mich. Oct. 27, 2016) (noting that courts have refused to tax costs associated with the use of Relativity); *Exclaim Mktg., LLC v. DIRECTV, Inc.*, No. 5:11-CV-684-FL, 2016 WL 1258776, at *3 (E.D.N.C. Mar. 28, 2016) (finding that fees for data hosting and licensing are not taxable because, while "a prevailing party can recover costs associated with copying or duplicating its files, . . . it may not receive reimbursement for other expenses relating to ESI").[2]

Accordingly, the costs the Defendants incurred from Elijah, Ltd. associated with hosting a Relativity database are not recoverable under § 1920(4). *See* ECF No. 160-1 at 18–19 (itemizing

---

[1] While the *Colosi* court stated that the Third Circuit's construction of the phrase "making copies" was "overly restrictive" to the extent it excluded the cost of imaging a hard drive, 781 F.3d at 297, the hosting and document management fees that the Defendants seek to recover in this case are plainly not costs for "making copies" even under a broader construction of the phrase that includes electronic imaging, but rather are "other non-copying electronic discovery services," *id.* at 298, that are not taxable under § 1920(4). *Cf. Ma v. Am. Elec. Power, Inc.*, No. 1:13-CV-89, 2017 WL 6422566, at *2 (W.D. Mich. Oct. 23, 2017) (noting that "the *Colosi* court at least implicitly suggested that most of the *Race Tires* court's analysis was appropriate").

[2] *See also Melchior Hilite Int'l, Inc.*, No. 3:11-CV-3094-M (BH), 2016 WL 1165911, at *2 (N.D. Tex. Feb. 26, 2016)(concluding that "hosting fees, user fees, and database charges" are not taxable under § 1920(4)), *report and recommendation adopted*, 2016 WL 1161992 (N.D. Tex. Mar. 23, 2016), *vacated on other grounds*, 2017 WL 7795457 (N.D. Tex. Apr. 5, 2017); *Strategic Capital Bancorp, Inc. v. St. Paul Mercury Ins. Co.*, No. 10-CV-2062, 2015 WL 13598262, at *5 (C.D. Ill. Dec. 7, 2015) (noting that "charges for things like hosting/storage fees, user fees or project management . . . do not qualify as taxable costs, as they appear more akin to costs related [to] the 'gathering, preserving, processing, searching, culling, and extracting of ESI,'" rather than costs for "making copies"); *Sanger Ins. Agency v. Hub Int'l Ltd.*, No. 4:14-CV-171, 2015 WL 12910738, at *2 (E.D. Tex. Mar. 31, 2015) (fees for "[c]reation of database files from metadata, [l]oading data into Summation document management database and creating doc link field to native files" are not recoverable under § 1920(4)).

7

$408.12 and $410.78 as costs incurred for "Hosting of Relativity database"). Although the Defendants' invoice from DTI contains no description of the $788.40 in charges the Defendants incurred, *id.* at 20, DTI's fees were described by the Defendants as fees related to "document management and scanning for electronic document production," *id.* at 2. But because the Defendants have not established the portion of the $788.40 attributable to "costs of making copies of any materials," 28 U.S.C. § 1920(4), the Court should decline to tax costs for DTI's services. In sum, if the Court declines to exercise its discretion to deny the entirety of the Defendants' request for costs, the Court should exclude from the total taxable amount $1,607.30, because costs unrelated to exemplification and copying are not taxable under § 1920(4).

## III. CONCLUSION

For the reasons stated above, the Bureau respectfully requests that the Court deny the Defendants' Bill of Costs, or, in the alternative, deny the Defendants' request for costs related to document management and data hosting fees.

Dated: April 5, 2018                    Respectfully submitted,

/s/ Amanda J. Krause
Kirsten Ivey-Colson
Thomas Kim
David Rubenstein

Attorneys for the Plaintiff
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
Amanda.Krause@cfpb.gov
(202) 435-7965

## CERTIFICATE OF SERVICE

      I certify that on April 5, 2018, I served the foregoing "Plaintiff's Objections to Defendants' Bill of Costs" on all counsel of record through the Court's ECF System.

*/s/ Amanda J. Krause*
Amanda J. Krause
Counsel for Plaintiff

9