UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CONSUMER FINANCIAL PROTECTION
BUREAU,                                                                                    PLAINTIFF


v.                                                          CIVIL ACTION NO. 3:13-CV-01047-CRS


BORDERS & BORDERS, PLC, et al.                                              DEFENDANTS


**MEMORANDUM OPINION**

I.        Introduction

This case is before the court on plaintiff Consumer Financial Protection Bureau's ("the

CFPB") objection to defendants Borders & Borders, PLC, Harry Borders, John Borders Jr., and

J. David Borders' (collectively "Borders") bill of costs. ECF No. 169. Borders responded. ECF

No. 170. This matter is now ripe for review. For the foregoing reasons, CFPB's objection will be

sustained.

II.       Factual Background

On October 24, 2014, the CFPB filed suit against Borders, alleging that Borders had

violated section 8(a) of the Real Estate Settlement Practices Act ("RESPA") by referring

consumers to title insurance agencies the law firm jointly owned with local real estate agents and

mortgage brokers. Section 8(a) states in relevant part: "No person shall give and no person shall

accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or

otherwise, that business incident to or part of a real estate settlement service involving a federally

related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a).

After over two years of litigation, Borders filed a motion for summary judgment and the

CFPB filed a cross-motion for partial summary judgment. ECF Nos. 128, 129. This court granted

Borders' motion for summary judgment and denied the CFPB's motion for partial summary

judgment, finding that Borders' actions fell within RESPA's safe harbor provision for 'affiliated

business arrangements under 12 U.S.C. § 2607(c)(4). ECF No. 157. Following this opinion, the

CFPB filed a motion for reconsideration. ECF No. 161. Ultimately, this court denied the CFPB's

motion for reconsideration, albeit on different grounds. ECF No. 167.

Borders, as the prevailing party, filed a bill of costs totaling $18,708.14. ECF No. 160.

The CFPB now objects to this bill of costs. ECF No. 169.

### III.    Legal Standard

Federal Rule of Civil Procedure 54(d) states: "Unless a federal statute, these rules, or a

court order provides otherwise, costs—other than attorney's fees—should be allowed to the

prevailing party. But costs against the United States, its officers, and its agencies may be

imposed only to the extent allowed by law." The Equal Access to Justice Act ("EAJA") provides

that costs "may be awarded to the prevailing party in any civil action brought by or against the

United States or any agency . . ." 28 U.S.C. § 2412(a). The costs that may be taxed include:

1) Fees of the clerk and marshal;
2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3) Fees and disbursements for printing and witnesses;
4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5) Docket fees under section 1923 of this title;
6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

## IV. Discussion

The CFPB objects to Borders' bill of costs, arguing that the court should use its discretion to deny the bill of costs based on the complexity of the case, or alternatively, to reduce the bill of costs by $1,607.30 to eliminate charges for services not covered by 28 U.S.C. § 1920. These arguments will be considered in further detail below.

The CFPB first asserts that the court should use its discretion under the EAJA to deny Borders' costs because this was a close and difficult case. Borders, by contrast, argues that the CFPB has failed to rebut the presumption in favor of awarding costs. Considering both parties' positions, the court agrees with the CFPB.

As an initial matter, the court finds that there is no presumption in favor of awarding costs in the present case. While Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, the EAJA—which is applicable when a government agency is a party— leaves this determination squarely with the court. *See Neal & Co., Inc. v. U.S.*, 121 F.3d 683, 687 (Fed. Cir. 1997) ("EAJA does not create a presumption in favor of an award of costs to the prevailing party. Rather, EAJA vests the trial court with considerable discretion to award costs."). Indeed, Rule 54(d) states that "costs—other than attorney's fees—*should* be allowed to the prevailing party," whereas the EAJA states only that "a judgment of costs . . . *may* be awarded to the prevailing party . . ." Fed. R. Civ. P. 54(d) (emphasis added); 28 U.S.C. § 2412(a)(1) (emphasis added). Thus, the CFPB is not required to overcome a presumption in favor of awarding costs.

The court further finds that it is appropriate to deny costs in this case. The Sixth Circuit has determined that denial of costs is proper in circumstances where (1) the costs are "unnecessary or unreasonably large;" (2) "the prevailing party should be penalized for

unnecessarily prolonging trial or for injecting unmeritorious issues;" (3) "the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant;" or (4) the case is "close and difficult." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (citation omitted). "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty discerning the law of the case. *Id.* at 732-33.

The present case was 'close and difficult.' RESPA is a complicated statutory scheme with a host of agency-promulgated regulations and interpretive guidance. Further, there is a shortage of case law that applies section 8(a) and its safe harbor provisions under section 8(c). The difficulty of discerning the law of this case is exemplified by the court's shift in reasoning between the opinion granting Borders' motion for summary judgment and the opinion denying the CFPB's motion for reconsideration. Initially, the court determined that Borders was entitled to summary judgment because its actions fell within the safe harbor provision for 'affiliated business arrangements' under section 8(c)(4). However, after this opinion was issued, the D.C. Circuit published its opinion in *PHH Corporation v. CFPB*, 881 F.3d 75 (D.C. Cir. 2018). In reconsidering the grant of summary judgment, this court determined that the facts of *PHH* were analogous to the facts of the present case, and Borders' actions properly fell within the safe harbor provision for 'services actually performed' under section 8(c)(2). Although the court ultimately reached the same conclusion, the reasoning shifted based on the developing case law.

Borders contends that this case cannot be considered 'close' because it was decided on summary judgment. However, this is not a reliable indicator of the complexity of the case. *See Smith v. Joy Techs., Inc.*, 2015 WL 428115 (E.D. Ky. Feb. 2, 2015). This case was decided on a

summary judgment motion instead of at trial because it involved primarily legal, rather than factual, issues. The court still considers this to have been a close case.

Accordingly, the court will deny Borders' bill of costs, and each party will pay its own expenses.

V.    <u>Conclusion</u>

For the foregoing reasons, the CFPB's objection to Borders' bill of costs will be sustained. An order will be entered in accordance with this memorandum.

June 15, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**